

# THE ATTORNEY GENERAL
## OF TEXAS

CRAWFORD C. MARTIN
ATTORNEY GENERAL

AUSTIN, TEXAS 78711

June 21, 1968

Hon. Frank Coffey,
Criminal District Attorney
Tarrant County Criminal
  Courts Building
Fort Worth, Texas   76102

Opinion No. M- 244

Re:   Whether a motor carrier
may transport gravel and
other commodities from
gravel pits and other places
of storage to processing
plants under a specialized
motor carrier certificate
issued by the Railroad
Commission under Article
911b, V.C.S.?

Dear Mr. Coffey:

By letter and accompanying brief you recently
presented the above captioned question and requested
an opinion of this office.

Your brief refers to a Specialized Motor Carrier
Certificate which has been issued by the Railroad Com-
mission of Texas under Article 911b, Vernon's Civil Statutes,
authorizing the transportation of gravel and other named
commodities, "<u>from gravel pits and other places of storage
to construction sites, including buildings, dams, streets
and highways, and all other kinds and types of structures</u>. . ."

You state that these commodities originate at gravel
pits and other places of storage, are moved to processing
plants for mixing into concrete, blocks, etc., and are there-
after moved outbound from such processing plants to jobsites,
etc.; that the sole question for determination is whether
the carrier may properly transport the named commodities
from such points of origin to processing plants.

However, it is a matter of common knowledge that in many
instances a processing plant is situated at, and necessarily
operated in conjunction with, a particular construction pro-
ject, and this opinion does not cover or reach the question
of the transportation of commodities to a processing plant
under such circumstances.

Interpretation of the words expressed in certificates
issued by the Railroad Commission must be considered
under the same principles as if the certificate was an act

-1187-

of the Legislature. Trapp v. Shell Oil Company, 145 Tex. 323, 198 S.W.2d 424 (1946); Attorney General's Opinion No. C-136 (1963). The intent of the Commission must be gathered from the language of the certificate construed as a whole, giving the words used their common and ordinarily accepted meaning. Railroad Commission v. Texas & New Orleans Ry., 42 S.W.2d 1091 (Tex. Civ. App. 1931, error ref.).

It has been suggested that the language "and all other kinds and types of structures" may authorize movements to processing plants, since "structure" is defined as meaning something already constructed or built, as a building or a dam, or a bridge.

The nouns "building," "dam," "street," or "highway" also ordinarily refer to something that has already been constructed or built and may likewise be included within the general definition of a "structure."

This certificate authorizes transportation of the named commodities to "construction sites," (a specific designation), "including buildings, dams, streets and highways," (specific enumerations) followed by the general words "and all other kinds and types of structures . . ."

Applying the rule of ejusdem generis, the general words following the specific designation and particular enumeration are not to be construed in their widest meaning, but are limited to things of the same kind or class as those expressly mentioned. Stanford v. Butler, 142 Tex. 692, 181 S.W.2d 269 (1944).

Grants of property rights or privileges, such as the right to transport certain commodities for hire, must be construed strictly, and whatever is not unequivocally granted in clear and explicit terms must be considered withheld. Dye Trucking Company v. Miller, 397 S.W.2d 507 (Tex. Civ. App. 1965, error ref., n.r.e.). Therefore, the Specialized Motor Carrier certificate as issued by the Commission may be literally interpreted as authorizing the transportation of gravel and the other named commodities, from gravel pits and other places of storage to construction sites, including buildings in the process of construction, dams in the process of construction, streets and highways in the process of construction, and all other kinds and types of structures in the process of construction.

Although not bound by a departmental construction, the courts will ordinarily adopt and uphold a construction placed on a statute by the department charged with its enforcement and administration. 53 Tex. Jur.2d 259, Statutes, Sec. 177. The Department of Public Safety is charged with the duty and responsibility to enforce all violations of the Texas Motor Carrier Act, except rate violations, Art. 1690b(d) Vernon's Penal Code, and we are advised that this department has always taken the position and construed the statute to the effect that sand or gravel, etc., could not be transported to processing plants where the authority had restrictions to construction sites, job sites, etc.

It is the opinion of this office that a motor carrier may not transport gravel and other commodities from gravel pits and other places of storage to processing plants under this Specialized Motor Carrier Certificate issued by the Railroad Commission unless, of course, the processing plant is in the state of construction erection or composition such as would constitute a "construction site."

## S U M M A R Y

Under the stated facts, and limited thereto, a motor carrier may not transport gravel and other commodities from gravel pits and other places of storage to processing plants under the specialized motor carrier certificate issued by the Railroad Commission under Article 911b, Vernon's Civil Statutes.

Very truly yours,

CRAWFORD C. MARTIN
Attorney General of Texas

Prepared by Monroe Clayton
Assistant Attorney General

APPROVED:

OPINION COMMITTEE
Hawthorne Phillips, Chairman
Kerns Taylor, Co-Chairman
Lonny F. Zwiener
Dyer Moore, Jr.
Bill Allen
Eugene Heatly

EXECUTIVE ASSISTANT
A. J. Carubbi, Jr.